```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
KEVIN L. JEFFERSON,

                    Plaintiff,
                                        MEMORANDUM & ORDER
        -against-                       13-CV-5918(JS)(ARL)

CRAIG ROSENBLATT, SERGEANT SEVAJIO,
JOHN DOE, and COUNTY OF SUFFOLK,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Kevin L. Jefferson, pro se
                    6 Boonar Street
                    Mastic, NY 11950

For Defendants:     No appearances.
```

SEYBERT, District Judge:

On October 25, 2013, pro se plaintiff Kevin L. Jefferson ("Plaintiff") filed an in forma pauperis civil rights Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against Suffolk County Corrections Officer Craig Rosenblatt ("C.O. Rosenblatt"), Suffolk County Corrections Sergeant Sevajio ("Sgt. Sevajio"), an unnamed Suffolk County Corrections Officer identified by Plaintiff as "John Doe", and the County of Suffolk (collectively, "Defendants").

Upon review of the declaration accompanying Plaintiff's application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's application to proceed in forma pauperis is GRANTED and the Court ORDERS service of the Summonses and

Complaint upon the Defendants by the United States Marshals Service ("USMS").

However, the USMS will not be able to effect service of the Summons and the Complaint on the unidentified Defendant without more information. The Second Circuit has held that district courts must provide pro se litigants with reasonable assistance in investigating the identity of such "John Doe" defendants. See Valentin v. Dinkins, 121 F.3d 72, 75-76 (2d Cir. 1997) (per curiam). Accordingly, the Court ORDERS that the Clerk of the Court serve a copy of the Complaint together with this Order on the Suffolk County Attorney. The Suffolk County Attorney's Office is requested to attempt to ascertain the full name of the unnamed Suffolk County Corrections Officer who is described in the Complaint (see Compl. at ¶ 2 and n. 1.) and to provide to the Court and to Plaintiff his name and address where he can be served within thirty (30) days of the date that this Order is served upon it. Once the information is provided to the Court by the Suffolk County Attorney's Office, Plaintiff's Complaint shall be deemed amended to reflect the full name of the unnamed Defendant, a Summons shall be issued as to that Defendant, and the USMS shall serve that Defendant. The Suffolk County Attorney need not undertake to defend or indemnify this individual at this juncture. This Order merely provides a means by which Plaintiff may properly name and serve the unnamed Defendant as instructed by the Second Circuit in

2

Valentin.

Plaintiff's Complaint against C.O. Rosenblatt, Sgt. Sevajio, and the County of Suffolk shall proceed. The Clerk of the Court is directed to issue Summonses for each of these Defendants and to forward copies of the Summonses, the Complaint, and this Order to the USMS for service upon C.O. Rosenblatt, Sgt. Sevajio, and the County of Suffolk.

CONCLUSION

Plaintiff's application to proceed in forma pauperis is GRANTED and the Court ORDERS service of the Summons and Complaint upon the Defendants by the USMS. The Clerk of the Court is further ordered to serve a copy of the Complaint together with this Order on the Suffolk County Attorney and the Suffolk County Attorney's Office is requested to attempt to ascertan the full name of the unidentified Suffolk County Corrections Officer who is described in the Complaint and to provide his name and address where this Defendant can be served to the Court and to Plaintiff within thirty (30) days of the date that this Order is served upon it. Once the information is provided to the Court by the Suffolk County Attorney's Office, Plaintiff's Complaint shall be deemed amended to reflect the full name of the unnamed Defendant, a Summons shall be issued as to that Defendant, and the USMS shall serve that Defendant.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3)

that any appeal from this Order would not be taken in good faith and therefore <u>in</u> <u>forma</u> <u>pauperis</u> status is DENIED for the purpose of any appeal.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the <u>pro</u> <u>se</u> Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January   16  , 2014
       Central Islip, New York