```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
KEVIN L. JEFFERSON,

                        Plaintiff,

        -against-                              MEMORANDUM & ORDER
                                               13-CV-5918(JS)(ARL)
CRAIG ROSENBLATT, SALVATORE SALVAGGIO,
ROBERT MEYER, and COUNTY OF SUFFOLK,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Kevin L. Jefferson, pro se
                    8 Candlewood Road
                    N. Bay Shore, NY 11706

For Defendants:     Brian C. Mitchell, Esq.
                    Suffolk County Dept. of Law
                    100 Veterans Memorial Highway
                    P.O. Box 6100
                    Hauppauge, NY 11788
```

SEYBERT, District Judge:

Pending before the Court is Magistrate Judge Arlene R. Lindsay's Report and Recommendation dated February 7, 2017 (the "R&R," Docket Entry 32) recommending that this Court: (1) grant defendants Craig Rosenblatt, Salvatore Salvaggio, Robert Meyer, and County of Suffolk's (collectively, "Defendants") motion to vacate the Clerk's entry of default, (Defs.' Ltr. Mot., Docket Entry 23), and (2) deny plaintiff Kevin L. Jefferson's ("Plaintiff") cross motion for default judgment and the issuance of a subpoena, (Pl.'s Mot., Docket Entry 30). For the following reasons, the R&R is ADOPTED in its entirety.

BACKGROUND

The Court assumes familiarity with the factual and procedural background of this matter, which is set forth in the R&R. Briefly, on October 25, 2013, Plaintiff commenced this action pursuant to 42 U.S.C. Section 1983, alleging violations of his First and Fourteenth Amendment rights. (See generally Compl., Docket Entry 1, at 2-3.) On March 31, 2015, the Court granted in part and denied in part Defendants' motion to dismiss for failure to state a claim. (Order, Docket Entry 16.) Certain of Plaintiff's claims were dismissed without prejudice and with leave to file an Amended Complaint. (Order at 20-21.) On May 13, 2015, Plaintiff filed an Amended Complaint. (Am. Compl., Docket Entry 18.)

Defendants failed to timely answer or move to dismiss the Amended Complaint, and on August 17, 2016, the Clerk entered a Certificate of Default. (Cert. of Default, Docket Entry 21.) That same day, Defendants filed their Answer to the Amended Complaint and moved to vacate the Certificate of Default. (Ans., Docket Entry 22; Defs.' Ltr. Mot.) On October 14, 2016, the Court referred Defendants' motion to Judge Lindsay for a report and recommendation on whether the motion should be granted. (Referral Order, Docket Entry 26.) On December 5, 2016, Plaintiff filed a cross motion seeking entry of a default judgment and the issuance of a subpoena. (Pl.'s Mot.)

On February 7, 2017, Judge Lindsay issued her R&R. Judge Lindsay recommends that this Court grant Defendants' motion, set aside the Certificate of Default, and accept Defendants' late Answer. (R&R at 7.) Judge Lindsay further recommends that Plaintiff's cross motion be denied. (R&R at 7.)

DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen (14) days of service of the R&R. The docket reflects that on February 7, 2017, the Court mailed a copy of the R&R to Plaintiff by Federal Express. (See Docket Entry 32.) The time for filing objections has expired, and no party has objected. Accordingly, all objections are hereby deemed to have been waived.

Upon careful review and consideration, the Court finds Judge Lindsay's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

CONCLUSION

Judge Lindsay's R&R (Docket Entry 32) is ADOPTED in its entirety. Defendants' motion to vacate the Certificate of Default (Docket Entry 23) is GRANTED and Plaintiff's cross motion for default judgment and the issuance of a subpoena (Docket Entry 30) is DENIED. The Clerk of the Court is directed to VACATE the Certificate of Default. (Docket Entry 21.) The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: March  7 , 2017
       Central Islip, New York