```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
KEVIN L. JEFFERSON,

                    Plaintiff,
                                              MEMORANDUM & ORDER
          -against-                           13-CV-5918(JS)(ARL)

CRAIG ROSENBLATT, SALVATORE SALVAGGIO,
ROBERT MEYER, and COUNTY OF SUFFOLK,

                    Defendants.
-------------------------------------X
APPEARANCES
For Plaintiff:      Kevin L. Jefferson, pro se
                    170 Commack Rd.
                    Deer Park, NY 11729

For Defendants:     Brian C. Mitchell, Esq.
                    Suffolk County Dep't of Law
                    100 Veterans Memorial Highway
                    P.O. Box 6100
                    Hauppauge, NY 11788
```

SEYBERT, District Judge:

Currently pending before the Court are: (1) Magistrate Judge Arlene R. Lindsay's Report and Recommendation dated May 7, 2018 (the "R&R") recommending dismissal of this action against defendants Craig Rosenblatt, Salvatore Salvaggio, Robert Meyer, and the County of Suffolk (collectively, "Defendants") due to plaintiff Kevin L. Jefferson's ("Plaintiff") failure to prosecute, (R&R, Docket Entry 73), and (2) Plaintiff's objections to the R&R ("Objections"), (Pl.'s Obj., Docket Entry 80). For the reasons set forth below, Plaintiff's Objections are OVERRULED, Judge

Lindsay's R&R is ADOPTED in its entirety, and this case is DISMISSED.

BACKGROUND

The Court assumes familiarity with the facts and procedural history of this matter, which are set forth in the Court's March 2015 Order and the R&R, (See Mar. 2015 Order, Docket Entry 16; R&R), and will discuss the procedural history only insofar as it is relevant. In short, Plaintiff filed this action on October 25, 2013, (see Compl., Docket Entry 1), and after failing to comply with a number of court orders, failed to appear for jury selection and trial. (R&R Tr., Docket Entry 73 at ECF pp 3-13, 2:9-3:5.)

First, Plaintiff failed to comply with Judge Lindsay's March 29, 2017 Scheduling Order, which directed him to file his written narrative statement of facts on or before May 15, 2017. (See Mar. 2017 Sched. Order, Docket Entry 37, at 1.) Additionally, Plaintiff failed to comply with Judge Lindsay's July 5, 2017 Order directing him to file his written narrative statement with the Court on or before July 28, 2017 and advising him that his failure to comply may result in sanctions, including a recommendation that this case be dismissed for failure to prosecute. (See July 5, 2017 Elec. Order.) On August 9, 2017, Plaintiff filed a document entitled "Plaintiff's Submission for Pre-Trial Order" that the

Court treated as his written narrative statement. (See Pl.'s Narrative Stmt., Docket Entry 48.)

Although Plaintiff filed a document that served as his narrative statement, Plaintiff failed to file a revised narrative statement, exhibit list, witness list, and summary of each witness' testimony on or before October 13, 2017, as directed in Judge Lindsay's March 29, 2017 Scheduling Order. (See Mar. 2017 Sched. Order at 2.) Further, he failed to comply with Judge Lindsay's November 2, 2017 Order providing Plaintiff "one final opportunity to serve the defendants with a revised pretrial order by November 17, 2017" and warning him that his "[f]ailure to do so will result in a recommendation that the case be dismissed with prejudice for failure to prosecute pursuant to FED. R. CIV. P. 37 and 41(b)." (Nov. 2, 2017 Order, Docket Entry 51.) Upon Plaintiff's failure to comply with this order, Defendants requested that Judge Lindsay issue a report and recommendation that this matter be dismissed for failure to prosecute. (Defs.' Nov. 2017 Mot., Docket Entry 52, at 1-2.) Judge Lindsay denied Defendants' motion and instead directed Defendants to incorporate Plaintiff's "August submission into their proposed pretrial order." (Nov. 28, 2017 Order, Docket Entry 55, at 1-2.)

Finally, after participating in the February 21, 2018 pretrial conference setting the trial date, Plaintiff failed to

3

appear for jury selection and trial on May 7, 2018. (Feb. 2018 Minute Entry, Docket Entry 63; See R&R Tr. 2:9-3:1.)

### The R&R

On May 7, 2018, after Plaintiff failed to appear to select a jury for the trial of his case, Judge Lindsay issued her R&R on the record. After reviewing the procedural history of this matter, Judge Lindsay explained:

> Well, this case was, as I noted, filed in 2013. I know through my experience with this case that basically every effort has been made to give [Plaintiff] an opportunity to participate in this action and pursue his case. Multiple times as we've noted on the record, he's failed to adhere to the orders of the Court and notwithstanding that, we tried to make due with what we had in order to give [Plaintiff] an opportunity to prosecute his claims.
>
> He knows based on multiple court orders that have been issued to keep the Court advised of his whereabouts and his address. He has been warned repeatedly that his failure to comply with the orders could lead to a dismissal of this case and now we're at the point where we have actually brought in jurors to go forward with this case. He knows about the requirement to be here at 9:30 this morning. He was present during the conference with Judge Seybert at which he was advised and instructed to be here.
>
> It's now 10:30, an hour past the time he was to be here. We've received no communication from him. I have no reason to believe he's coming and I don't wish to wait any longer for [Plaintiff]. I am going to discharge and release the jurors who have made the effort to be here today and I am not going

>    to make you wait any longer, Mr. Mitchell [(defense counsel)].
>
>    I am going to conclude this with a recommendation, a strong recommendation to Judge Seybert, that she dismiss this case for failure to prosecute.

(R&R Tr. 10:1-11:4.)

On June 7, 2018--after receiving an extension of time to object to the R&R--Plaintiff filed his Objections. (See Pl.s' Obj.) In his Objections, Plaintiff highlights delays in this case not attributable to him, (Pl.'s Obj. § II), and explains why he did not appear for jury selection and trial, (Pl.'s Obj. § III). Essentially, Plaintiff forgot that he was scheduled to try his case on May 7, 2018. (Pl.'s Obj. § III ("Although Plaintiff did take notes regarding the jury selection date and other matters discussed during the [pretrial] telephone conference, that, in and of itself, did not remind Plaintiff per se[ ] of his May 7, 2018 court date. . . . However, on said date, Plaintiff awakened around 10:40 am and deciding to review some of his legal papers, did observe his notes and that he was required to be in court. . . . [Plaintiff] had inadvertently forgotten about the May 7, 2018 court date . . . .")). He then argues that Judge Lindsay "did not balance the Court's interest in managing its docket with Plaintiff's interest in being heard," (Pl.'s Obj. § IV.A), and concludes that this matter could not have proceeded to trial because Plaintiff "had intended to announce the fact that he was

5

in preparation of filing a new suit against the Suffolk County Jail and is naming Brian Mitchell as a Defendant," (Pl.'s Obj. § IV.B).

Defendants oppose Plaintiff's Objections and principally argue that Plaintiff fails to address his non-compliance with court orders and the history leading to the R&R's recommendation of dismissal. (Defs.' Resp., Docket Entry 82, at 3-4.)

DISCUSSION

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted). A party may serve and file specific, written objections to a magistrate judge's report and recommendation within fourteen days of being served with the recommended disposition. See FED. R. CIV. P. 72(b)(2). Upon receiving any timely objections to the magistrate judge's recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3). The Court conducts a de novo review of any portion of the report and recommendation to which a party objects. Walker, 216 F. Supp. 2d at 292.

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). "'Although the text of [FRCP] 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case sua sponte for failure to prosecute.'" Crozier v. Doe, No. 10-CV-3695, 2011 WL 3477124, at *1 (S.D.N.Y. Aug. 4, 2011) (alteration in original) (quoting LaSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001)), R&R adopted, No. 10-CV-3695 (S.D.N.Y. Aug. 30, 2011). Dismissal pursuant to Rule 41(b) is a "harsh remedy" reserved for "extreme cases" and courts are particularly reluctant to dismiss pro se claims on this basis. Melendez v. City of N.Y., No. 12-CV-9241, 2014 WL 6865697, at *2 (S.D.N.Y. Dec. 4, 2014). "Nevertheless, in appropriate circumstances, courts have dismissed such claims for failure to prosecute." Id. (collecting cases).

In determining whether to dismiss for lack of prosecution, the Court weighs the following factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing

7

> its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Watkins v. Matarazzo, No. 13-CV-2477, 2016 WL 3351079, at *2 (S.D.N.Y. Jun. 14, 2016) (quoting Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014)). "No single factor is generally dispositive." Baptiste, 768 F.3d at 216.

The Court has reviewed the R&R and finds no error in Judge Lindsay's recommendation that this action be dismissed for failure to prosecute. First, as set forth above and in the R&R, Plaintiff's failure to comply with court orders dates back to May 2017, when he failed to file his written narrative statement, and continues until May 7, 2018, when he failed to appear for jury selection and trial. While he submitted a document that the Court treated as his narrative statement, he filed it months after Judge Lindsay's initial deadline to do so had passed. (See Mar. 2017 Sched. Order; Aug. 14, 2017 Elec. Order.) He failed to submit a revised narrative statement by its original due date, October 13, 2017, or by its extended due date, November 17, 2017. (See Mar. 2017 Sched. Order at 2; Nov. 28, 2017 Order, Docket Entry 55.) Additionally, while Plaintiff indicates in his Objections that he was ready to proceed to trial on March 7 or 8, 2018, (Pl.'s Obj. §§ III, IV.B), he later contradicts himself, explaining that he did not intend to proceed to trial "as Plaintiff had intended to

8

announce the fact that he was in preparation of filing a new suit against the Suffolk County Jail and is naming Brian Mitchell as a Defendant," (Pl.'s Obj. § IV.B.) In other words, Plaintiff planned to appear in Court only to announce that he could not proceed to trial, because he had decided--on the date the trial was scheduled to take place--to file a new lawsuit naming defense counsel as a defendant and seeking to have him and his office enjoined from representing Defendants in this case.[1] (Pl.'s Obj. § IV.B.) This new lawsuit--which would have been Plaintiff's twentieth suit filed in this Court--appears to have been intended to further delay the trial of this matter.

Second, Judge Lindsay cautioned Plaintiff that his failure to comply with court orders could result in a recommendation that his case be dismissed for failure to prosecute. (See July 5, 2017 Elec. Order; Nov. 2, 2017 Order (providing Plaintiff "one final opportunity to serve the defendants with a revised pretrial order" and warning him that his "[f]ailure to do so will result in a recommendation that the case be dismissed with prejudice for failure to prosecute").)

Third, "prejudice resulting from unreasonable delay may be presumed as a matter of law." Peart v. City of N.Y., 992 F.2d 458, 462 (2d Cir. 1993) (citation omitted). This matter has been

---

[1] To date, no such suit has been filed.

9

significantly delayed by Plaintiff, and it appears that he intended to introduce further delay by announcing a new lawsuit on the date of trial. Moreover, "even absent such a presumption" of prejudice, Defendants have been prejudiced by preparing for a trial that did not go forward. See id.

Fourth, while Plaintiff's failures to comply with court orders have not significantly burdened the Court, his failure to appear for jury selection and trial weighs in favor of dismissal. See Peart, 992 F.2d at 462 (quoting Davis v. United Fruit Co., 402 F.2d 328, 330 (2d Cir. 1968)) ("[I]t is well established that '[t]he failure to be ready for trial . . . is one of the basic causes creating a backlog of calendars.'") (second and third alteration in original). The Court has a busy trial calendar and a strong interest in managing its docket. Balancing this burden against Plaintiff's right to have his day in Court, the scale tips in favor of dismissal. See Melendez, 2014 WL 6865697, at *3 ("Plaintiff has been provided with numerous opportunities to participate in this litigation and has not taken them.").

Fifth, the Court has considered the efficacy of lesser sanctions and determined that they will not be effective. As Plaintiff is proceeding in forma pauperis, imposing a monetary sanction is unlikely to be successful. Further, even the "repeated threat of dismissal has not caused [Plaintiff] to proceed with his claim." Id. (citations omitted).

Finally, the Court is not persuaded by Plaintiff's Objections, including his accusations of favoritism towards Defendants and his position that this action could not have proceeded to trial because he intends to sue defense counsel and have him and his office enjoined from representing Defendants "in Plaintiff's active cases." (Pl.'s Obj. §§ IV.A, IV.B.)

In sum, the Court will not allow Plaintiff to continue to prosecute--or not prosecute--this matter at his convenience, and agrees with Judge Lindsay that dismissal is appropriate. See Peart, 992 F.2d at 461-63 (2d Cir. 1993) (affirming dismissal for failure to prosecute where plaintiff's counsel did not appear for trial); Ali v. A & G Co., 542 F.2d 595, 596 (2d Cir. 1976) (affirming dismissal for failure to prosecute where "the trial date was known well in advance and appellants should have arranged their affairs so as to be available for trial, [but] they failed to do so").

## CONCLUSION

For the foregoing reasons, Plaintiff's Objections (Docket Entry 80) are OVERRULED, Judge Lindsay's R&R (Docket Entry 73) is ADOPTED in its entirety, and this case is DISMISSED. Defendants' motion to dismiss for lack of prosecution (Docket Entry 78) is TERMINATED AS MOOT.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith

11

and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the pro se Plaintiff and mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August  10 , 2018
       Central Islip, New York